## DOLL V. HARLOW.

*Damages — measure of upon seizure by marshal in bankruptcy proceedings.*

Where a United States marshal took plaintiff's property from plaintiff's possession, claiming it to belong to the estate of a bankrupt, and the property was subsequently sold by order of the Bankruptcy Court, *held,* in an action against the marshal, that the measure of damages was the true value of the property, not the amount for which the property was sold, within section 25 of the bankrupt law.

APPEAL by defendant from a judgment in favor of plaintiff upon a trial before the court.

The action was brought by Nicholas Doll against Samuel R. Harlow to recover for the alleged wrongful conversion of plaintiff's property seized by defendant as United States' marshal for the eastern district of New York in bankruptcy proceedings against one George Merkle.

*Tracy, Catlin & Brodhead,* for appellant.

*Edward Van Ness,* for respondent.

BARNARD, P. J.

Only the question of measure of damages was involved in the appeal. The conclusion arrived at fully appears in the head-note.

*Judgment affirmed.*

---

## WELSH V. COCHRAN.

*Conversion — what will maintain action for — property seized by marshal — married woman — separate property of.*

Defendants were petitioners in bankruptcy proceedings against a firm. In such proceedings the marshal seized plaintiff's property. Defendant's attorney took an active part in directing the seizure, and when defendants were informed that plaintiff claimed the property, gave a bond to the marshal indemnifying him. *Held,* sufficient to sustain an action for the seizure against defendants.

Where a wife who at the time of her marriage in England had money which she retained and afterward purchased personal property therewith, taking the title to herself without objection from her husband; *held,* that she took a legal title which the husband's creditors could not gainsay or question.

APPEAL by defendants from a judgment in favor of plaintiff entered upon the verdict of a jury and from an order denying a new trial.

The action was brought by Jane Welsh and another against Fergus Cochran and others to recover the value of personal property seized in bankrupt proceedings against George Welsh and another.

*A. C. & M. H. Ellis*, for appellants.

*Oscar Frisbie*, for respondents.

BARNARD, P. J.

The head-note fully states all the points passed upon in the opinion.

*Judgment affirmed.*

---

## MOHRMAN v. BUSH.

*Judgment — irregular where due notice of trial not given.*

In an action to foreclose a mortgage which was referred defendant received only two days' notice of the hearing before the referee. He did not appear and a judgment was rendered of foreclosure and sale, and that defendant was liable for any deficiency thereon. *Held*, that the judgment was irregular. Defendant was entitled to fourteen days' notice, unless he waived it, and this right was not affected by the character of his defense.

APPEAL by defendant Bush from an order at special term denying appellant's motion to vacate the judgment.

The action was brought by Mary Mohrman against Edwin G. Bush and others to foreclose a mortgage.

BARNARD, P. J.

The head-note states fully the only question passed upon in the opinion.

*Order reversed.*